1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK K. GIBSON,

                              Petitioner,

        v.

RONALD HAYNES,

                              Respondent.

CASE NO. C17-5015 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13    This matter comes before the Court on the Report and Recommendation ("R&R")

14  of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 23), and

15  Petitioner's objections to the R&R (Dkt. 25). The procedural and factual history of this

16  case is set forth in the R&R, which was filed on December 15, 2017. Dkt. 23. On

17  December 25, 2017, Petitioner filed his objections. Dkt. 25.

18    The district judge must determine de novo any part of the magistrate judge's

19  disposition that has been properly objected to. The district judge may accept, reject, or

20  modify the recommended disposition; receive further evidence; or return the matter to the

21  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

22

Petitioner raised six grounds for relief in his petition. Dkt. 4. The R&R recommends the dismissal of all of them. Dkt. 23. Petitioner objects to the dismissal of grounds 1–5 while conceding ground 6 without objection. Dkt. 25 at 2. Petitioner raises eight objections to the R&R, although his arguments on some of these issues overlap.

**A.      Exculpatory Evidence**

Petitioner first argues that the R&R and decisions from state courts have mistakenly required that he show bad faith to establish a constitutional error in the failure of police to preserve a fingerprint and white hairs as evidence. *See* Dkt. 25 at 2–8. He further argues that the destroyed evidence was apparently exculpatory prior to its destruction and the unique nature of the evidence left him unable to obtain comparable evidence through other means. *Id.*

"The failure of a state to preserve evidence 'of which no more can be said than it could have been subjected to tests, the results of which might have exonerated the defendant,' is not a denial of due process of the law 'unless a criminal defendant can show bad faith on the part of the police.'" *Dickey v. Davis*, 231 F. Supp. 3d 634, 766 (E.D. Cal. 2017). Contrary to Petitioner's argument, the forensic evidence described above falls under this category of "potentially exculpatory" evidence. Petitioner's argument focuses on the likelihood that the above-described evidence would have exculpated Petitioner had it been tested and subsequently found to match evidence found at the Spokane crime scene. *See* Dkt. 4 at 29. Further, the information that Petitioner's claims were materially exculpatory, such as the fact that the hair and fingerprints did not match him, was in fact admitted at trial and relied upon by Petitioner's counsel. Because

1    Petitioner has failed to show bad faith on the part of police, his claim based on the State's

2    failure to preserve this evidence must fail.

3    **B.    Altered Evidence**

4        Petitioner next argues that the R&R misinterpreted his argument regarding a

5    portion of the fake beard fibers that were provided to Idaho law enforcement authorities

6    to help with their investigation into the Coeur D'Alene bank robbery. Dkt. 25 at 8–9.

7    Specifically, he states that the R&R construed his argument as one regarding the failure

8    to preserve or disclose evidence as opposed to an argument on the admissibility of altered

9    evidence. *Id.* However, the R&R gave Petitioner the benefit of the doubt by addressing

10   his petition under both arguments. *See* Dkt. 23 at 26. Because Petitioner's evidentiary

11   argument regarding the fake beard fibers was in fact addressed by the R&R, this

12   objection fails, and the Court adopts the analysis set forth in the R&R.

13   **C.    Prosecutorial Misconduct, Ineffective Assistance of Counsel, Cumulative
          Error, Abuse of Discretion, and Sufficiency of the Evidence**

14       Petitioner next objects to the R&R's conclusions that there was no prosecutorial

15   misconduct in his trial and that he did not suffer from ineffective assistance of counsel.

16   Dkt. 25 at 9–25. Petitioner's objections on these grounds are simply a restatement of his

17   arguments before Judge Creatura. The Court agrees with the R&R. Contrary to

18   Petitioner's arguments, the record does not contain any indication of perjury, and aside

19   from his unsupported allegations of perjury, Petitioner's arguments asserting misconduct

20   consist of speculation about the weight of or the proper inferences to be drawn from

21   certain evidence. Furthermore, even if the statements of the prosecutor could be

22

1  construed as misrepresentations, there is no evidence that such statements had any actual

2  injurious effect on the finder of fact. Also, the Court agrees with the R&R's resolution of

3  Petitioner's ineffective assistance of counsel arguments—Petitioner's counsel acted

4  effectively and, at the very least, Petitioner has failed to establish that any of the alleged

5  errors resulted in prejudice.

6        Plaintiff further argues that misconduct by the prosecutor combined with the

7  ineffective assistance of counsel to result in cumulative error. However, the Court has

8  already rejected Petitioner's arguments regarding prosecutorial misconduct and even if

9  the Court were to construe his allegations about his counsel as errors, which the Court has

10  already declined to do, the combined effect of those alleged errors would not "infect the

11  trial with unfairness or render [Petitioner's] defense far less persuasive than it might

12  otherwise have been." *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011).

13        Plaintiff's objections regarding "abuse of discretion" and insufficient evidence are

14  similarly a mere restatement of the arguments advanced in his petition. Dkt. 25–30. The

15  Court agrees with the R&R's conclusions that there was sufficient evidence to sustain

16  Petitioner's conviction and that Petitioner has failed to establish any "abuse of discretion"

17  by the state courts that constituted an unreasonable determination of the facts in light of

18  the evidence before it.

19  **D.    Evidence Not Presented at Trial**

20        Finally, Petitioner argues that the R&R failed to consider his argument regarding

21  new evidence not presented at trial. Dkt. 25 at 30–32. However, this argument was in fact

22  addressed by the R&R. *See* Dkt. 23 at 13–16. The Court agrees with the R&R that

Petitioner's arguments fail because he has failed to provide any evidence showing what information the FBI notes he sought in a FOIA request contain or how he knows them to be exculpatory. Accordingly, Petitioner has failed to offer any new evidence that is sufficient to undermine confidence in his conviction.

**E.      Certificate of Appealability**

The Court declines to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court does not believe that any jurists of reason could disagree with the R&R's evaluation of Petitioner's claims adopted by this order. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner's arguments do not present any close questions or novel claims. Accordingly, the petition does not merit encouragement to proceed any further.

**F.      Conclusion**

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)      The R&R is **ADOPTED**; and

(2)      This action is **DISMISSED**.

The Clerk shall enter JUDGMENT and close the case.

Dated this 9th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge